BLACK, Judge.
Pamela Jo Bondi, Attorney General of the State of Florida; Jeffrey H. Atwater, Chief Financial Officer of the State of Florida (“the CFO”); and the Florida Department of Financial Services (“the Department”) petition this court for writs of prohibition to prevent the circuit court from requiring the attorney general and the CFO to appear personally at show cause hearings in three separate proceedings. The circuit court instituted show cause proceedings when the CFO failed to comply with the court’s orders requiring him to release funds held by the Department in the State School Fund to respondent National Equity Recovery Services, Inc. (“NERS”), and to the individual respondents represented by NERS.
*371 We grant the petition in case number 2D12-3286. Counsel for NERS has properly conceded that the attorney general need not appear at the show cause hearing.
In the remaining petitions, the CFO contends that the circuit court exceeded its jurisdiction by requiring him to release funds and by attempting to hold him in contempt for the failure to do so. This court stayed the circuit court proceedings pending resolution of these petitions. Because the facts and legal issues are related, we consolidate these cases solely for the purpose of this opinion. For the reasons that follow, we grant the CFO’s petitions.
In cases 2D12-4231 and 2D12-3534, both partition actions, final judgments were entered in favor of the plaintiffs and the subject properties were sold at private sales. The portions of the proceeds belonging to the unlocated named defendants were subsequently placed in the court registry. In case number 2D12-3315, the parties reached a settlement in an automobile accident action and the circuit court ordered the settlement funds to be deposited in the court registry. In all three proceedings, the funds remained in the court’s registries for five years or more, after which they were deposited with the CFO as unclaimed property pursuant to section 43.19, Florida Statutes (2010).
Sometime after the funds were transferred to the CFO, respondent NERS — a claimant’s representative .registered with the Department — filed a postjudgment appearance in each of the original proceedings and notified the court that it had become the assignee of the plaintiffs’ interests in the unclaimed funds. NERS requested that the court direct the CFO to disburse the funds. The court granted NERS’ motions and issued orders directing the CFO to release the funds in each case in two separate checks, a flat fee check to NERS and a check for the balance to the plaintiffs.[1] A few months later, on NERS’ motions, the court issued amended orders and orders to show cause for the CFO’s failure to comply with its prior orders. The CFO was ordered to appear in these Hillsborough County cases and to show cause why he should not be held in contempt and possibly sanctioned by imposition of costs and attorney’s fees for his failure to comply and release the funds. The CFO did not file any pleadings or appear at any of the hearings on any of NERS’ motions. Instead, the CFO filed these petitions for writs of prohibition.
The funds at issue in these proceedings were properly deposited with the CFO under section 43.19, titled “Money paid into court; unclaimed funds.” This statute together with chapter 717, the Florida Disposition of Unclaimed Property Act, establishes the procedures for claiming interest in uncontested funds that were transferred to the CFO after having remained unclaimed in the clerk of court’s registry for five years or more.[2] Section 43.19 states in pertinent part as follows:
(1) In every case in which the right to withdraw money deposited as hereinbe-fore provided has been adjudicated or is not in dispute and the money has remained so deposited for 5 years or more unclaimed by the person, firm, or eorpo- *372 ration entitled thereto ... the court shall direct that the money be deposited with the Chief Financial Officer to the credit of the State School Fund, to become a part of that fund, subject to the right of the person, firm, or corporation entitled thereto to receive the money as provided in subsection (3).
[[Image here]]
(3) Any person, firm or corporation entitled to any of the money may obtain an order directing the payment of the money to the claimant on written petition to the court from which the money was deposited or its successor, and written notice to the state attorney of the circuit wherein the court is situate, whether or not the court is a circuit court, and proof of right thereto, and the money deposited shall constitute and be a permanent appropriation for payments by the Chief Financial Officer of the state in obedience of such orders.
Chapter 717 specifies the procedures which must be followed to claim interest in unclaimed property delivered to the CFO. See §§ 717.124(1), Fla. Stat. (2010) (“Any person, excluding another state, claiming an interest in any property paid or delivered to the department under this chapter may file with the department a claim on a form prescribed by the department....”), 717.1262 (“Any person who claims entitlement to unclaimed property by reason of a court document shall file a certified copy of the court document with the department.”). It also specifies some of the duties of the CFO with regard to such claims and vests the CFO with the authority to approve and pay claims. See §§ 717.124(4)(a) (“[I]f a claim is determined [by the department] in favor of the claimant, the department shall deliver or pay over to the claimant the property... .”), 717.138 (“The department shall administer and provide for the enforcement of this chapter. The department has authority to adopt rules ... to implement the provisions of this chapter.”), 717.1341(2) (“The department may maintain a civil or administrative action....”).
We recognize that the language of section 43.19(3) that “the money deposited shall constitute and be a permanent appropriation for payments by the Chief Financial Officer of the state in obedience of such [court] orders,” appears to be a directive authorizing the circuit court to retain jurisdiction of the unclaimed funds. However, it is important to note that section 43.19(3) provides only one avenue by which a claimant may seek determination of entitlement to funds; chapter 717 provides additional avenues. Once the funds were transferred to the CFO, the court’s authority, if invoked under section 43.19, was to confirm the claimant’s entitlement to the funds. See §§ 43.19, 717.1401, 717.1262.
This conclusion is confirmed upon a reading of section 717.1401, which provides that chapter 717 “shall be additional and supplemental to the existing provisions of [section]_43.19.” Thus, these statutes must be read in pari materia to fully understand the proper procedure for the claiming and disbursement of these funds.
A recent amendment to section 717.124, which provides that the procedures and duties outlined therein “appl[y] to all unclaimed property reported or remitted to the Chief Financial Officer, including, but not limited to, property reported pursuant to ss. 43.19,” further supports our conclusion. See § 717.124(8), Fla. Stat. (2013); ch. 2013-34, § 1, Laws of Fla. This amendment aligns the handling of unclaimed funds under section 43.19 with the handling of unclaimed funds under section 45.032, Florida Statutes (2010); that is, regardless of whether the funds are determined to be unclaimed under section 43.19 *373 or section 45.032, chapter 717 governs the procedures by which the funds deposited with the CFO are to be claimed and disbursed. This court has previously determined that where funds were deposited with the CFO pursuant to section 45.032, “[a]rticle 4, section 4(c) of the Florida Constitution vests the CFO with exclusive authority to examine and approve all claims for unclaimed funds under chapter 717.” Atwater v. City of Cape Coral, 120 So.3d 595, 599 (Fla. 2d DCA 2013). Section 45.032(4) provides that “the clerk [of. court] shall treat the remaining funds as unclaimed property to be deposited with .the Chief Financial Officer pursuant to chapter 717.”
By amending section 717.124 to specify that its procedures apply to funds deposited pursuant to section 43.19, the legislature has clarified that the authority to order payment of unclaimed funds rests with the CFO. See also Atwater v. Citibank, F.S.B., 96 So.3d 1010, 1012 (Fla. 3d DCA 2012) (“The Department of Financial Services is vested with the sole authority to make financial determination as to unclaimed funds.”).
Finally, because section 717.124 is procedural in nature its amendment may be retrospectively applied. See Alamo Rent-A-Car, Inc. v. Mancusi, 632 So.2d 1352, 1358 (Fla.1994); accord City of Cape Coral, 120 So.3d at 598. As a result, funds deposited with the CFO pursuant to sec tion 43.19(1) are subject to the provisions of section 717.124. See Fla. S. Comm. on Governmental Oversight and Accountability, SB 464 (2013) Staff Analysis 3-4 (April 3, 2013) (“The bill also applies the procedures of ch. 717, F.S., to property reported or remitted [to] the Chief Financial Officer pursuant to: Section 43.19, F.S., Money Paid into Court; unclaimed funds_”). The amendment to section 717.124 explains, at least partially, the manner in which chapter 717 is supplemental to section 43.19 — it supplies the missing procedure for obtaining the deposited unclaimed funds. See Crescenzo v. Atwater, 136 So.3d 1248, 1258 (Fla. 2d DCA 2014); Black’s Law Dictionary 1577 (9th ed. 2009) (defining “supplemental” as “supplying something in addition; adding what is lacking”); see also § 717.1262 (“Any person who claims entitlement to unclaimed property by reason of a court document shall file a certified copy of the court document with the department.”).
Our reading of section 43.19 and chapter 717 corresponds with the directive of article IV, section 4(c) of the Florida Constitution that the CFO “shall settle and approve accounts against the state” and “keep all state funds and securities.”
We therefore grant the petitions; the circuit court does not have authority to order the CFO to show cause or otherwise appear in the proceedings below. See Crescenzo, 136 So.3d at 1259. We note that our review is limited to the authority of the circuit court to order the CFO to appear in these proceedings. We take no position regarding the validity or legitimacy of the circuit court’s orders regarding entitlement to or transfer of the unclaimed funds.
And, as we did in City of Cape Coral, “we must observe that the extensive litigation of these extraordinary writ proceedings and countless hours of judicial review in this court could have been avoided had the parties acted appropriately in the circuit courts.” 120 So.3d at 600.
Petitions for writs of prohibition granted; stays vacated; orders to show cause vacated.
KELLY, J., Concurs.
*374 DAVIS, CHARLES A., SENIOR JUDGE, Concurring in part and dissenting in part with opinion.

. The court’s order to release in 2D12-4231 was for $2838.57 to NERS and $5763.17 to Noble Belcher, III; in 2D12-3315, for $2300 to NERS and $3432.30 to Armando and Rosa Marie Brito; and in 2D12-3534, for $2266.53 to NERS and $4601.76 to Russell Cooley.

. Section 717.102(1), Florida Statutes (2010), like section 43.19, requires that property remain unclaimed for a period of five years before it may be disposed of pursuant to the procedures outlined in the statutes.